**Fred J. ODELL**

v.

**STATE OF WISCONSIN DEPARTMENT OF HEALTH AND SOCIAL SERVICES, and Wilbur J. Schmidt, and Sanger B. Powers.**

**Nicolas Albert FLINK**

v.

**STATE OF WISCONSIN DEPARTMENT OF HEALTH AND SOCIAL SERVICES, and Wilbur J. Schmidt, and Sanger B. Powers.**

**Robert E. GRAF**

v.

**STATE OF WISCONSIN DEPARTMENT OF HEALTH AND SOCIAL SERVICES, and Wilbur J. Schmidt, and Sanger B. Powers.**

**Nos. 69–C–240, 69–C–258, 69–C–302.**

United States District Court, W. D. Wisconsin.

Dec. 4, 1970.

Mark E. Musolf (court appointed), Madison, Wis., for plaintiffs.

Jeffrey B. Bartell, Asst. Atty. Gen., Madison, Wis., for defendants.

JAMES E. DOYLE, District Judge.

## ORDER

These are civil cases in which plaintiffs, inmates of the Wisconsin State Prison, seek to enjoin defendants "from unreasonably interfering with first class mail addressed to the plaintiff[s] by unlawfully returning the same to sender and denying plaintiff[s] access to the United States mails." Plaintiff Graf further seeks to enjoin defendants "from interfering with plaintiff's right to receive the publications *Catholic Worker, WIN* magazine, *The Peacemaker, Kaleidoscope, Village Voice, Rolling Stone,* and from unreasonably interfering with plaintiff's right to receive other lawful publications presently prohibited by defendants. \* \* \*" Defendants have moved to dismiss these actions

pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

From the complaints it appears that plaintiff Odell sought to obtain certain information concerning the drug Placidyl; that this information was requested because it had direct bearing on an issue raised by Odell in a federal habeas corpus proceeding; that defendants' agent, David Schneider, acting in his official capacity, denied Odell access to this information; that a letter to his aunt written by plaintiff Flink was denied access to the United States mails pursuant to memoranda written by defendants' agents James E. Brunberg and Ronald T. Giannoni, acting in their official capacities; and that pursuant to the directions of certain of defendants' agents, acting in their official capacity, plaintiff Graf was denied access to certain letters mailed him, was not allowed to mail certain letters written by him, and was denied access to certain publications.

■■■ It has long been established that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). However,

> "[I]t has never been held that upon entering a prison one is entirely bereft of all of his civil rights and forfeits every protection of the law. On the contrary, it has been held that:
>
>> 'The fact that plaintiffs are incarcerated in a penitentiary under convictions for felonies, does not deprive them of the right to invoke the provisions of the Civil Rights Act, since that Act applies to any person within the jurisdiction of the United States.' Siegel v. Ragen, D.C.N.D. Ill.1949, 88 F.Supp. 996, 998, affirmed 7 Cir., 1950, 180 F.2d 785, certiorari denied 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 139, rehearing denied 1950, 340 U.S. 847, 71 S.Ct. 12, 95 L.Ed. 621." Sewell v. Pegelow, 291 F.2d 196, 198 (4th Cir. 1961)

Federal courts will not shrink from scrutinizing administrative action of state prison officials when it involves the constitutional right of inmates to enjoy First Amendment freedoms. Jackson v. Godwin, 400 F.2d 529, 535 (5th Cir. 1968); Walker v. Blackwell, 411 F. 2d 23 (5th Cir. 1969). First Amendment freedoms encompass the use of the mails. Lamont v. Postmaster General, 381 U.S. 301, 305, 85 S.Ct. 1493, 14 L. Ed.2d 398 (1965). *See also* Stanley v. Georgia, 394 U.S. 557, 564, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969).

■■■ The defendants in these cases have presented no showing of the interests sought to be protected by their interference with plaintiffs' use of the mails. I am unwilling to decide the important constitutional questions presented by these cases on the record as it now stands. "[I]t is inexpedient to determine grave constitutional questions upon a demurrer to a complaint, or upon an equivalent motion, if there is a reasonable likelihood that the production of evidence will make the answer to the questions clearer." Borden's Farm Products Co., Inc. v. Baldwin, 293 U.S. 194, 213, 55 S.Ct. 187, 193, 79 L.Ed. 281 (1934) (Stone & Cardozo, JJ., concurring). See also England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 416–417, 84 S.Ct. 461, 11 L. Ed.2d 440 (1964); Alabama State Federation of Labor etc. v. McAdory, 325 U.S. 450, 460, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945); Board of Managers of Arkansas Training School for Boys at Wrightsville v. George, 377 F.2d 228, 231 (8th Cir. 1967), cert denied 389 U.S. 845, 88 S.Ct. 105, 19 L.Ed.2d 114 (1967). Further enlightenment must be provided before this issue can be resolved.

For these reasons, defendants' motion to dismiss is hereby denied.