**Robert VAN ERMEN, Plaintiff,**

v.

**Wilbur J. SCHMIDT et al., Defendants.**

**No. 70–C–44.**

United States District Court,
W. D. Wisconsin.

May 25, 1972.

Robert Van Ermen, pro se.

William A. Platz, Asst. Atty. Gen., Jeffrey B. Bartell, Asst. Atty. Gen., Madison, Wis., for defendants.

JAMES E. DOYLE, District Judge.

This is a civil action for injunctive relief only. Plaintiff has been granted leave to proceed *in forma pauperis*. Ju-

risdiction is claimed under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.

In his complaint, plaintiff alleges that he is presently confined in the Wisconsin State Prison; that defendants have refused to deliver to plaintiff certain law books purchased by plaintiff and delivered to the prison by his relatives; that defendants have established and enforce a rule prohibiting plaintiff from retaining law books from the prison library in his cell overnight and on weekends; that defendants have established and enforce a rule prohibiting plaintiff from using the law books in the prison library for more than two hours per week; and that defendants have established and enforce a rule prohibiting inmates from seeking legal information and assistance from other inmates.

With respect to plaintiff's allegation concerning the prison rule proscribing inmate mutual legal assistance, defendants have moved for summary judgment; and with respect to the remaining allegations of the complaint, defendants have moved for dismissal upon the ground that none of those allegations satisfactorily states a claim upon which relief can be granted.

█ Defendants' motion for summary judgment is accompanied by the affidavit of Elmer O. Cady, Acting Warden of the Wisconsin State Prison. In his affidavit, Warden Cady avers that he has personal knowledge of the decision of this court in Cross v. Powers, 328 F. Supp. 899 (W.D.Wis.1971); that pursuant to the decision in *Cross*, prison rules governing inmate mutual legal assistance were revised; that the rule attacked in plaintiff's complaint is neither in effect nor enforced by defendants; and that plaintiff is not presently prohibited from assisting or receiving legal assistance from other inmates. From the uncontested affidavit of Warden Cady, it thus appears that the rule alleged to prohibit inmate mutual legal assistance is no longer in effect; and that prison regulations presently permit inmate mutual legal assistance. Plaintiff makes no claim to the contrary nor does

he contend that he is not receiving the benefit of the new regulations. I find that there is no genuine issue as to the facts set forth in the affidavit of Warden Cady. Since plaintiff's complaint seeks injunctive relief only and since it appears that with respect to inmate mutual legal assistance, plaintiff has been effectively afforded the injunctive relief sought, his assertion regarding the illegality of the prison rule allegedly proscribing inmate mutual legal assistance is moot. See Golden v. Zwickler, 394 U. S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

In support of their motion to dismiss, defendants contend that the remaining allegations of the complaint fail to state a claim upon which relief can be granted. With respect to the allegation that plaintiff was not permitted to receive law books purchased by him and delivered by his relatives to the prison, defendants argue that reasons of security and prison management prevent inmates from receiving books not mailed directly from the publisher; that control of the mail to and from inmates is an essential part of internal prison management; and that "prisoners lawfully incarcerated have no absolute right to use of the mails."

With respect to the allegations that plaintiff is not permitted to retain law books from the prison library in his cell overnight and on weekends, and that he is not permitted to use the prison library for more than two hours per week, defendants claim that "[p]rison regulations limiting the use of lawbooks by prisoners to certain times and certain places have been consistently upheld"; and that the regulations at issue are reasonable.

Recently, in Morales v. Schmidt, 340 F.Supp. 544 (W.D.Wis.1972), an inmate at the Wisconsin State Prison brought suit to enjoin prison officials and administrators from refusing to permit him to correspond with his sister-in-law. In denying defendants' motion for summary judgment, I stated that governmental classifications which result in

differential treatment of persons convicted of a crime, as compared with those not convicted of a crime, are to be tested by the same criteria that are applied to governmental classifications effecting differential treatment among other classes of persons (*Morales, supra,* at p. 550) ; that therefore if a challenge is made on equal protection grounds to a prison regulation which allegedly infringes upon a "fundamental" interest, the state must show that a "compelling governmental interest" justifies the differential treatment; and that the freedom to use the mails is a "fundamental" interest. *Id.* at p. 554).

In the case at bar, plaintiff's assertion that defendants have refused to permit him to receive law books from any source other than the books' publisher is analogous to the claim raised in *Morales.* Liberally construed, the complaint asserts an unreasonable interference by defendants with plaintiff's freedom to use the mails.

■■ In support of their motion to dismiss, defendants' contention, contained in their brief, is an argument by counsel for defendants that "conceivably it would be a simple matter to submit an entire escape plan in the binding of a used book." Obviously, this contention is not direct testimony, nor a synthesis of recorded empirical evidence, nor sworn opinion evidenced by an expert in penology. On a motion to dismiss, the facts must be viewed in a light most favorable to plaintiff and sworn statements or opinion evidence may not be considered. Even if the motion were to be treated as a motion for summary judgment, it lacks the supporting material required by Rule 56 of the Federal Rules of Civil Procedure. The form in which defendants have sought to justify their alleged interference—namely, a motion to dismiss—has foreclosed the type of submissions necessary to provide a showing of a "compelling state interest." Defendants have made no such showing, and with respect to those allegations concerning defendants' interference with plaintiff's mail, defendants' motion to dismiss must be denied.

With respect to those allegations concerning prison regulations which restrict the time and place in which plaintiff may use law books from the prison library, defendants' motion to dismiss must also be denied. Construed liberally, those allegations may be read to assert that the regulations in question serve unreasonably to deny plaintiff access to the courts. It is clear that such allegations state a claim upon which relief may be granted, under 42 U.S.C. § 1983. Cross v. Powers, 328 F.Supp. 899, 903 (W.D.Wis.1971) ; Johnson v. Avery, 393 U.S. 483, 485–486, 89 S.Ct. 747, 21 L. Ed.2d 718 (1969) ; see Gilmore v. Lynch, 319 F.Supp. 305 (N.D.Cal.), aff'd sub nom. Younger v. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971).

■ Moreover, although it has not been explicitly stated by a federal court that access to the courts is a "fundamental" right, this court has noted that "prisoners' access to the courts is a right of paramount constitutional importance." (citations omitted), Cross v. Powers, *supra,* 328 F.Supp. at p. 901. And see cases cited at *Cross, supra,* p. 901–903. I am of the opinion that since the right of access to the courts is often the only way to vindicate the deprivation of other "fundamental" rights, free access to the courts must itself be deemed a "fundamental" right. Therefore, when a challenge is made on equal protection grounds to prison regulations allegedly restrictive of this right, the state must make the showing of a "compelling governmental interest" prescribed in *Morales.*

■ In the case at bar, defendants have moved to dismiss the allegations of the complaint concerning interference with access to the courts, for failure to state a claim upon which relief can be granted. The showing required by *Morales* has not been made by contentions in support of a motion to dismiss. Defendants' motion to dismiss these allegations

suffers from the same defect as their motion to dismiss those allegations dealing with plaintiff's freedom to use the mails. For the same reason, the motion must be denied.

Accordingly, it is hereby ordered that defendants' motion for summary judgment of dismissal is granted with respect to those allegations of the complaint asserting a denial of inmate mutual legal assistance; and that defendants' motion to dismiss the remaining allegations of the complaint is denied.