Emery C. DAVIS, Plaintiff,

v.

Wilbur J. SCHMIDT et al., Defendants.

No. 71–C–458.

United States District Court,
W. D. Wisconsin.

Nov. 16, 1972.

As Amended Jan. 10, 1973.

38

Emery C. Davis, pro se.

Robert W. Warren, Atty. Gen., by Charles R. Larsen, Asst. Atty. Gen., Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for monetary and injunctive relief. Plaintiff has been granted leave to proceed *in forma pauperis*. Jurisdiction is claimed under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.

In his complaint plaintiff alleges that he is presently confined in the Wisconsin State Prison; that in May, 1971, plaintiff requested to see Dr. Nemeth, the Prison staff psychiatrist; that as a result of this request, plaintiff was placed in "punishment status" by Sergeant Hoeft; that because he is unable to cope with the "silent system" and with isolation, plaintiff has attempted suicide on two occasions, once on or about July 20, 1971, and once on or about September 13, 1971; that plaintiff has injured knees; that defendants have refused to treat plaintiff's knees; that on Septem-

ber 12, 1971, plaintiff became involved in a dispute with an officer in the Segregation Building because the officer refused to call a captain and because plaintiff was violating the "silent system" by calling for a doctor; that plaintiff created "a disturbance" in order to induce the officer to call a captain; that plaintiff was then placed in a detention cell; that "by over-running his toilet" plaintiff flooded this cell; that defendant Hilt and other guards then entered plaintiff's cell, "assaulted plaintiff, threw him violently to the floor", and held him down while an "inmate nurse" administered a "knock-out drug" to plaintiff; that defendants have refused to allow plaintiff to possess or read the Bible on the ground that plaintiff might harm himself with it; and that defendants have refused to allow plaintiff a pencil and paper with which to correspond with attorneys and courts.

■ Defendants have moved for summary judgment. In support of this motion defendants have submitted an affidavit by R. L. Gray, who deposes that he is Warden of the Wisconsin State Prison; that he has control over Prison records; that he knows of his own personal knowledge that the photocopies of prison records attached to his affidavit are identical to the original records on file in the Prison; and that the records were made by employees of the Prison in the regular course of business. Among the records attached to the affidavit are six conduct reports prepared by guards concerning plaintiff. The June 16, 1971, report deals with an incident in a dining hall and appears to be irrelevant. The July 24, 1971, report describes an incident in which plaintiff is alleged to have burned his Bible. The four reports dealing with incidents on September 11 and 12, 1971, describe an alleged disturbance created by plaintiff, efforts by plaintiff to flood his cell and to commit suicide, and the administration of a drug to plaintiff.

On the basis of Bracey v. Herringa, 466 F.2d 702 (7th Cir. 1972), I have determined that these six conduct reports are inadmissible evidence. *Bracey* involved an action for damages and injunctive relief under 42 U.S.C. § 1983 against prison guards who had allegedly chained plaintiff to a bed and beaten him. The trial court determined that the conduct reports prepared by the guards were admissible in evidence under the business records exception to the hearsay rule. On the basis of these uncontroverted reports the court found that plaintiff had not been beaten and granted defendants' motion for summary judgment. The Seventh Circuit reversed, holding that the guards' conduct reports lacked the reliability necessary for records qualifying for the business records rule:

> "That prison guards may be held accountable under 42 U.S.C. § 1983 for physical beatings of prisoners deprivation of medical care, or deprivation of hygienic conditions, has been established for enough years that it can safely be assumed at least some guards write their reports on such occurrences with that possibility in mind." (Footnotes omitted).

The conduct reports in question here dealt with incidents in which the guards were potentially subject to liability under 42 U.S.C. § 1983. For the reasons given in *Bracey* I hold that these reports are not of sufficient reliability to qualify for the business records exception to the hearsay rule.

■ The remaining documents which accompany defendants' affidavit consist of reports by a psychiatrist and certain doctors, plaintiff's "Outpatient Record", presumably from the Prison hospital, plaintiff's "Daily Progress Report" from the Prison hospital, and two "X-Ray Interpretations." I have concluded that, except for certain hearsay passages in these reports, these documents are admissible as business records. If this

action were for negligent medical practice, the records might be unreliable. However, the issue in the present case is not the quality of psychiatric and medical attention afforded plaintiff but the existence of such attention.

Taken together these records show that Dr. Nemeth, the staff psychiatrist, visited plaintiff seven times between July 27 and October 19, 1971; that on September 9, 1971, Dr. Nemeth's diagnosis was "Anxiety Reaction, mild degree;" that on that day he prescribed "Mellaril Tablet, 50 mg twice a day" and placed plaintiff's name on a waiting list for group therapy; that on October 19 plaintiff requested another tranquilizer and that Dr. Nemeth prescribed Sparine; that twice plaintiff was placed in observation status and twice discharged from that status; that plaintiff was examined by other doctors seven times between April 8 and November 10, 1971; that three of these examinations concerned plaintiff's knees; that the examining doctors found nothing wrong with his knees; that the doctors prescribed Butazolidin and exercise; that plaintiff's requests for X rays were refused until November 7, 1971, when X rays were taken; and that the X rays revealed that plaintiff's knees were normal except for "a slight narrowing of the medial half of the joint space" of the left knee.

In opposition to the motion for summary judgment plaintiff has submitted affidavits by Thomas R. Murata and Ernest R. Rodriguez, two verified briefs, and his verified complaint. In addition to the allegations in the complaint, set forth earlier, these materials show that plaintiff evidently does not dispute that he received the medical and psychiatric treatment shown by defendants' records; that he was deprived of the Bible, of writing instruments, and of paper while he was in observation status; that on July 24 and December 22, 1971, plaintiff started fires in his cell; and that

plaintiff has not been admitted to group therapy.

On the basis of this evidence I find, for the purposes of this motion only, that there are no issues as to the following material facts: that plaintiff is presently confined in Wisconsin State Prison; that on or about July 20, 1971, he attempted to commit suicide and was subsequently placed in observation status; that plaintiff was placed in observation status on a later occasion, also in connection with a suicide attempt; that while in observation status plaintiff was not permitted to possess paper, writing instruments, or a Bible; that between July 27 and October 19, 1971, plaintiff was visited seven times by Dr. Nemeth, the staff psychiatrist; that Dr. Nemeth examined plaintiff on these occasions and twice prescribed drugs for plaintiff; that Dr. Nemeth placed plaintiff's name on a waiting list for group therapy, but that plaintiff has not been entered into a group therapy program; that plaintiff was examined by a doctor seven times between April 8 and November 10, 1971; that three of these examinations concerned plaintiff's knees; that the examining doctors found nothing wrong with his knees; that the doctors prescribed Butazolidin and exercise; that X rays of plaintiff's knees taken on November 7, 1971, showed that plaintiff's knees were normal except for "a slight narrowing of the medial half of the joint space" of the left knee; that on September 12, 1971, plaintiff became involved in a dispute with an officer in the Segregation Building because the officer refused to call a captain and because plaintiff violated the "silent system" by calling for a doctor; that plaintiff created a disturbance in order to induce the officer to call a captain; that plaintiff was then placed in a detention cell; that when plaintiff flooded this cell he was forcefully subdued and injected with a tranquilizing drug; and that on two occasions plaintiff has started fires in his cell.

The complaint indicates that plaintiff is advancing five separate claims: (1) deprivation of psychiatric and medical treatment; (2) deprivation of a Bible; (3) deprivation of paper and writing materials; (4) violent treatment in the form of physical assaults and forceful administration of drugs; and (5) imposition of a "silent system" on plaintiff.

### Medical and Psychiatric Treatment

 It is well-settled that intentional deprivation of essential medical care is actionable under 42 U.S.C. § 1983. United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964), cert. den. 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277 (1965); Schack v. State of Florida, 391 F.2d 593 (5th Cir.), cert. den., 392 U.S. 916, 88 S.Ct. 2080, 20 L.Ed.2d 1376 (1968); Blanks v. Cunningham, 409 F.2d 220 (4th Cir. 1969); United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2nd Cir. 1970). However, a difference in opinion between physician and patient concerning the adequacy of medical treatment actually provided does not give rise to a constitutional claim under § 1983. United States ex rel. Lawrence v. Ragen, 323 F. 2d 410 (7th Cir. 1963); Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968); Henderson v. Pate, 409 F.2d 507 (7th Cir. 1969); Fear v. Commonwealth of Pennsylvania, 413 F.2d 88 (3rd Cir.), cert. den. 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969); Church v. Hegstrom, 416 F.2d 449 (2nd Cir. 1969); Roy v. Wainwright, 418 F.2d 231 (5th Cir. 1969).

 Plaintiff claims that he was not furnished with proper treatment for his knees or with adequate psychiatric care. However, it is undisputed that on a number of occasions the staff psychiatrist examined plaintiff, diagnosed his problems, and prescribed drugs for him. It is also undisputed that doctors examined plaintiff's knees on three occasions, finding no problems, and that his knees were X-rayed. Since it is clear that plaintiff has not been deprived of essential medical care, defendants are entitled to judgment on this claim.

### Deprivation of Bible

 This claim may be asserted as a denial of equal protection or as a denial of the first amendment right to the free exercise of religion. For the purpose of deciding this motion I need consider only the latter theory. A determination of whether plaintiff's right to free exercise of religion has been infringed requires a balancing of that right against the interest of the state in depriving plaintiff of a Bible. Wisconsin v. Yoder, 406 U.S. 205, 214, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972). Since plaintiff here had ignited items in his cell on two separate occasions, it was not unlikely that he would use a Bible for the same purpose. Clearly the state has an interest in maintaining the safety of the Prison and in preventing plaintiff from injuring himself and others. However, before this interest can be weighed against plaintiff's interest in the free exercise of religion, certain factual questions must be resolved: the length of time during which plaintiff was deprived of a Bible; the extent of danger that plaintiff would ignite his Bible; and the feasibility of alternative measures which might give plaintiff access to a Bible during short, supervised periods of time. Since material questions of fact remain, defendants' motion for summary judgment as to this claim must be denied.

### Deprivation of Writing Instruments and Paper

 In the recent case of Morales v. Schmidt, 340 F.Supp. 544 (W.D.Wis. 1972), a prison inmate sought to enjoin prison administrators from refusing to permit him to correspond with his sister-in-law. In denying defendants' motion for summary judgment I stated that government classifications which result in

differential treatment of persons convicted of a crime, as compared with persons not so convicted, are to be tested by the same criteria that are applied to other governmental classifications. I stated that if a challenge is made to a prison regulation affecting a "fundamental" interest, the state must show a compelling governmental interest to justify the differential treatment. In a subsequent case, Van Ermen v. Schmidt, 343 F.Supp. 377 (W.D.Wis.1972), I held that access to the courts is a "fundamental" interest, and that therefore the state must show a compelling governmental interest to justify restrictions on this right.

Plaintiff here was forbidden to possess writing instruments and paper during the period he was in observation. Since plaintiff was thereby prevented from communicating with courts and attorneys, his right of access to the courts was affected. In attempting to show a compelling governmental interest to justify the restriction on plaintiff's access to the courts, defendants contend that because of plaintiff's tendencies toward arson and suicide, it was necessary to deprive him of papers, pens, and pencils in order to protect plaintiff and the Prison. However, before the sufficiency of this interest can be determined, certain factual questions must be resolved: the length of time during which plaintiff was deprived of pens, pencils, and paper; the extent of the danger of plaintiff using these items for arson or suicide; and the feasibility of alternative measures which might provide plaintiff with short, supervised periods of time during which he could do his legal work. Since material questions of fact remain, defendants' motion for summary judgment as to this claim must be denied.

*Physical Assaults and Administration of Drugs*

The constitution protects individuals from unjustified beatings meted out by state officials. Byrd v.

Brishke, 466 F.2d 6 (7th Cir. 1972). It therefore seems that the constitution also protects against unjustified administration of tranquilizing drugs. In the instant case, however, questions of fact remain whether plaintiff was unjustifiably beaten or drugged. Therefore defendants' motion for summary judgment as to this claim must be denied.

*Silent System*

In Luter v. Schmidt, 71–C–415, I held that the right simply to speak is a "fundamental interest" and that therefore a prison regulation forbidding inmates to speak can be justified only by the showing of a compelling governmental interest. In the present case plaintiff was punished for breaking a prison rule forbidding inmates in certain classes of confinement to speak. Since defendants have offered no compelling governmental interest to support this rule, their motion for summary judgment as to this claim must be denied.

Accordingly, it is hereby ordered that defendants' motion for summary judgment is granted as to plaintiff's claims relating to medical and psychiatric treatment and is denied as to all other claims.